IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN LAMPTEY,

    Plaintiff,                      No. CIV S-08-1956 GEB EFB PS

    vs.

THE COUNTY OF ORANGE, CALIFORNIA,

    Defendant.                  <u>ORDER</u>

        Plaintiff has filed a Second Amended Complaint, Dckt. No. 5, in which he seeks to meet the requirements set forth in this court's order filed December 15, 2008, which granted plaintiff's application to proceed *in forma pauperis,* and dismissed plaintiff's First Amended Complaint with leave to amend.[1]  Plaintiff seeks damages for his arrest on March 12, 2003, in Sacramento, pursuant to a warrant issued by the Orange County Sheriff's Office, and for plaintiff's resulting incarceration.  Plaintiff alleges that the arrest was based upon false information entered into his criminal record that plaintiff had been deported and then made illegal reentry into this country.

////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned pursuant to E. D. Cal. L. R. 72-302(c)(21), and 28 U.S.C. § 636(b)(1).

1

Plaintiff contends that, as a result, he was detained in Orange County without arraignment for a period of 30 days, denied telephone access, and was forced by his court-appointed attorney to falsely concede a probation violation, pursuant to which plaintiff was then transferred to a federal detention facility in Arizona. Plaintiff emphasizes that these several errors were ultimately conceded by the authorities as demonstrated by his "condition-less release" from the Arizona federal detention facility on May 17, 2003.

The court previously instructed plaintiff that amendment of his complaint should allege violation of his civil rights under 42 U.S.C. § 1983, eliminate claims based on state criminal statutes, and identify all individual defendants and the specific conduct of each defendant that plaintiff challenges.

In his amended complaint, plaintiff again names Orange County as the only defendant. The body of the complaint challenges the conduct of individual officers and employees, but it appears that plaintiff does not know their identities. While the matter can proceed in this way for a limited period of time, the challenge for plaintiff will be to identify individual defendants who personally participated in the alleged deprivation of plaintiff's rights, because there is no *respondeat superior* liability under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

The complaint now states claims under § 1983, based on alleged violations of plaintiff's rights under the Fourth, Fifth (double jeopardy), Eighth (and implicitly Fourteenth) Amendments to the U.S. Constitution. Lacking, but clearly implicated, are alleged violations of plaintiff's due process and possibly equal protection rights under the Fifth and Fourteenth Amendments, and, throughout, comparable challenges under the state constitution.

However, plaintiff inappropriately makes claims under several federal criminal statutes (e.g., 18 U.S.C. § 1509 (obstruction of court records), § 1018 (false information), § 1038(a)(1) (false certificates or writings), § 872 (extortion by federal officer or employee), § 242 (deprivation of civil rights by reason of racial discrimination), and § 1201 (kidnapping)). Just as

state criminal statutes do not provide a private right of action, *Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir.1999), federal criminal statutes will not support claims upon which individual relief can be granted, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Accordingly, plaintiff cannot state a claim based upon these statutes.

The court notes, however, that plaintiff's reliance on 18 U.S.C. § 242, together with his "deportation," suggest that plaintiff's race or ethnicity may be significant to his claims. If this is so, plaintiff needs to articulate it. Plaintiff's allegations generally against "[a]gents, officers and others acting on behalf of Orange County," Second Amended Complaint, at p. 6, further suggest that, if there is an allegation of racial animus, plaintiff's complaint should include a claim under 42 U.S.C. § 1985(3) (authorizing civil rights claim and action for damages based on allegation that two or more persons conspired to deny plaintiff equal protection based on racial or other invidious discrimination).

Plaintiff also makes state law claims based on defamation and slander, but has not fully articulated those claims.

For the foregoing reasons, the court will again dismiss plaintiff's complaint. Plaintiff will be accorded thirty days within which to file a Third Amended Complaint, which shall be so denominated, bear the same case number, and incorporate the instructions provided herein. Plaintiff shall more clearly articulate his federal constitutional claims pursuant to 42 U.S.C. § 1983, without reference to state or federal criminal statutes. While plaintiff shall also strive to identify individual defendants and the challenge conduct of each, failure to do so will not prevent this action going forward.

Additionally, plaintiff shall attach as an exhibit to his Third Amended Complaint, the "Supplement to Amended Complaint" he filed on February 24, 2009, Dckt. No. 9. Plaintiff's outstanding requests, Dckt. No. 8 (to proceed with service of process), and Dckt. No. 10 (status request), will be denied as moot.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Second Amended Complaint, Dckt. No. 5, is dismissed with leave to amend.

2. Plaintiff is granted thirty (30) days from the date of service of this order to file a Third Amended Complaint that is consistent with the instructions provided herein, including that plaintiff attach as an exhibit to his Third Amended Complaint the "Supplement to Amended Complaint" filed February 24, 2009.

3. Plaintiff's requests, Dckt. No. 8 (to proceed with service of process), and Dckt. No. 10 (status request), are denied as moot.

SO ORDERED.

DATED: June 4, 2009.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE