IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN MOSES LAMPTEY,

      Plaintiff,                                  No. CIV S-08-1956 GEB EFB

      vs.

COUNTY OF ORANGE CALIFORNIA,                    ORDER TO SHOW CAUSE

      Defendant.
_____/

      This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule ("Local Rule") 72-302(c)(21). On December 15, 2008, the court granted plaintiff's request to proceed *in forma pauperis*, but dismissed plaintiff's complaint and amended complaint, and granted plaintiff leave to file a second amended complaint. Dckt. No. 4. On December 23, 2008, plaintiff filed a second amended complaint, and on June 4, 2009, the court dismissed that complaint with leave to file a third amended complaint. Dckt. Nos. 5, 11.

      On June 18, 2009, plaintiff filed a third amended complaint. Dckt. No. 12. Plaintiff's third amended complaint alleges "among other things, negligence and misconduct resulting in various civil rights violation[s], for actions taken by [County of Orange] employees and or agents acting on behalf of the County of Orange California." Dckt. No. 12 at 1. Plaintiff

contends that jurisdiction is proper because plaintiff alleges a claim under 28 U.S.C. § 1983, and that venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(3), because "defendant is an officer or employee of the United States or any agency thereof. . . ." *Id.* at 2.

Because plaintiff is appearing pro se, this court will liberally construe his pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))). Even construing the third amended complaint liberally, however, it appears that the Eastern District of California is an improper venue for plaintiff's claims. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (stating that the court may raise defective venue sua sponte where defendants have not yet filed a responsive pleading and the time for doing so has not run).

Pursuant to 28 U.S.C. § 1406(a), a "district court of a district in which [a case is filed] laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Actions in which plaintiff has alleged a federal question may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). Section 1391(e) does not apply to plaintiff's action because defendant County of Orange is not "an officer or employee of the United States or any agency thereof. . . ." 28 U.S.C. § 1391(e)

Plaintiff's third amended complaint does not allege any events or omissions occurring in the Eastern District of California; rather, the majority of the events giving rise to plaintiff's claims occurred in the County of Orange, which is located in the Central District of California.
////

1  Additionally, the County of Orange resides in the Central District of California, and not in the
2  Eastern District of California.  Therefore, plaintiff will be ordered to show cause why this action
3  should not be dismissed or transferred for improper venue.  *See Schotz v. Koch*, 2009 WL
4  1505676 (D. Haw. May 28, 2009) (transferring action for lack of venue at the *in forma pauperis*
5  stage); *Doe v. Mitchell*, 2009 WL 838050 (D. Nev. Mar. 26, 2009) (dismissing action for lack of
6  venue at the *in forma pauperis* stage); *Larson v. Ching*, 2008 WL 5054714 (D. Mont. Nov. 25,
7  2008) (transferring action for lack of venue at the *in forma pauperis* stage); *Alexandria v. United
8  States*, 2007 WL 2947461, *1 (S.D. Cal. 2007) (dismissing action for lack of venue at the *in
9  forma pauperis* stage).

10  Accordingly, plaintiff is HEREBY ORDERED to show cause, in a writing due on or
11  before December 10, 2009, why this action should not be dismissed without prejudice or
12  transferred to the Central District of California, pursuant to 28 U.S.C. § 1406(a).  *See Bennett v.
13  Aurora Behavioral Health Care*, 2009 WL 178489 (C.D. Cal. Jan. 26, 2009); *Smith v. U.S. Dep't
14  of Ed.*, 2007 WL 4357546 (N.D. Cal. Dec. 11, 2007).  A failure to timely respond to this order to
15  show cause will result in a recommendation that this action be dismissed without prejudice.

16  SO ORDERED.
17  DATED:  November 13, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3