IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN MOSES LAMPTEY,<br><br>          Plaintiff,<br><br>     vs.<br><br>COUNTY OF ORANGE CALIFORNIA,<br><br>          Defendant.<br>_____/ | No. CIV. S-08-1956 GEB EFB<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21). On December 15, 2008, the court granted plaintiff's request to proceed *in forma pauperis*, but dismissed plaintiff's complaint and amended complaint, and granted plaintiff leave to file a second amended complaint. Dckt. No. 4. On December 23, 2008, plaintiff filed a second amended complaint, and on June 4, 2009, the court dismissed that complaint with leave to file a third amended complaint. Dckt. Nos. 5, 11.

On June 18, 2009, plaintiff filed a third amended complaint. Dckt. No. 12. Plaintiff's third amended complaint alleges "among other things, negligence and misconduct resulting in various civil rights violation[s], for actions taken by [County of Orange] employees and or agents acting on behalf of the County of Orange California." Dckt. No. 12 at 1. Plaintiff

contends that jurisdiction is proper because plaintiff alleges a claim under 28 U.S.C. § 1983, and that venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(3), because "defendant is an officer or employee of the United States or any agency thereof. . . ." *Id.* at 2.

Because plaintiff is appearing pro se, this court has liberally construed his pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))).  However, even construing the third amended complaint liberally, because it appeared that the Eastern District of California is an improper venue for plaintiff's claims, on November 16, 2009, the undersigned ordered plaintiff to show cause why this action should not be dismissed or transferred for improper venue. Dckt. No. 16 (citing *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (stating that the court may raise defective venue sua sponte where defendants have not yet filed a responsive pleading and the time for doing so has not run)).

Pursuant to 28 U.S.C. § 1406(a), a "district court of a district in which [a case is filed] laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Actions in which plaintiff has alleged a federal question may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). Section 1391(c) provides that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced," and that "[i]n a State which has more than one judicial district and in which defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in

any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State . . . ." *Id.* § 1391(c).  Section 1391(e) does not apply to plaintiff's action because defendant County of Orange is not "an officer or employee of the United States or any agency thereof. . . ."  28 U.S.C. § 1391(e).

In response to the order to show cause, plaintiff acknowledges that "the most pivotal actions undertaken by the defendant" took place in the Central District of California.  Dckt. No. 17 at 3.  Plaintiff contends, however, that defendant's actions have affected him "while residing, working and conducting business in Sacramento County, where he has lived without interruption since June of 2003, to include the arrest by proxy on or about September 30, 2007; while within the Sacramento County, and the subsequent series of events that have transpired as a result of that arrest by proxy, to include plaintiff finally being made aware of the totality of the events undertaken by defendant to interfere and intrude on plaintiff's quality of life while he resided in Sacramento County, that are the true cause of the action."  *Id.*

Although plaintiff now contends that defendant's conduct has affected him while he has resided in Sacramento, plaintiff's third amended complaint does not allege any events or omissions occurring in the Eastern District of California; rather, the majority of the events giving rise to plaintiff's claims occurred in the County of Orange, which is located in the Central District of California.  Specifically, plaintiff contends that defendant issued an improper warrant in the County of Orange (count one); incarcerated plaintiff in the County of Orange without a timely arraignment (count two); the County of Orange improperly sent plaintiff to a federal correctional facility in Arizona (count three); and that defendant breached contracts, was negligent, and engaged in professional misconduct (counts four through seven).  Dckt. No. 12.  Additionally, the County of Orange resides in the Central District of California, and not in the Eastern District of California; to the extent that the County of Orange is deemed a corporation, plaintiff has not shown that its contacts within the Eastern District of California would be sufficient to subject it to personal jurisdiction in this district.

Therefore, IT IS HEREBY RECOMMENDED that this action be transferred to the Central District of California. *See Schotz v. Koch*, 2009 WL 1505676 (D. Haw. May 28, 2009) (transferring action for lack of venue at the *in forma pauperis* stage); *Doe v. Mitchell*, 2009 WL 838050 (D. Nev. Mar. 26, 2009) (dismissing action for lack of venue at the *in forma pauperis* stage); *Larson v. Ching*, 2008 WL 5054714 (D. Mont. Nov. 25, 2008) (transferring action for lack of venue at the *in forma pauperis* stage); *Alexandria v. United States*, 2007 WL 2947461, *1 (S.D. Cal. 2007) (dismissing action for lack of venue at the *in forma pauperis* stage).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 28, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4